**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**GEORGES-LUCIEN DE RATAFIA and DIANE ACKROYD,**

                              **Plaintiffs,**

**- against-**                                                    **1:13-CV-174**
                                                                  **(NAM/RFT)**

**THE COUNTY OF COLUMBIA, a Political Subdivision of**
**the State of New York, SHERIFF DAVID W. HARRISON, JR.,**
**in his Individual and Official Capacities, DEPUTY SHERIFF**
**DAVID PROPER, in his Individual and Official Capacities,**
**DEPUTY SHERIFF TODD HYSON, in his Individual and**
**Official Capacities, DEPUTY SHERIFF DAVID ROSE, in his**
**Individual and Official Capacities, and Henry Meleck a/k/a**
**Henry Wrenn-Meleck,**

                              **Defendants.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                              **OF COUNSEL:**

OFFICE OF GLENN BACKER                        Glenn Backer, Esq.
280 Madison Avenue, Suite 300
New York, New York 10016

OFFICES OF LLOYD A GELWAN                     Lloyd A. Gelwan, Esq.
79 West 12th Street, Suite 4A
New York, New York 10011
*Attorneys for Plaintiffs*

GOLDBERG SEGALLA, L.L.P.                       Jonathan M. Bernstein, Esq.,
8 Southwoods Boulevard, Suite 300             Molly M. Ryan, Esq.
Albany, New York 12211-2526
*Attorneys for County Defendants*

GALLET DREYER & BERKEY, LLP                    David S. Douglas, Esq.
845 Third Avenue, 8th Floor                    Adam M Felsentein, Esq.
New York, New York 10022-6601
*Attorneys for Defendant Henry Wrenn-Meleck*

**NORMAN A. MORDUE, Senior United States District Judge:**

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

This Court previously granted in part and denied in part motions by defendants to dismiss various claims in this civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Familiarity with the facts and procedural background is assumed.  Presently before the Court are three motions - a motion by defendant Meleck to dismiss a cross-claim filed against him by the County defendants, a motion to amend the cross-claim filed by the County defendants, and a motion to certify an interlocutory appeal of that portion of the Court's previous  Memorandum-Decision and Order dated September 26, 2013, which dismissed those counts of plaintiffs' Complaint which asserted claims against Columbia County and Sheriff David W. Harrison, Jr., and those counts of the Complaint which asserted claims against Deputy Sheriffs David Proper, Todd Hyson and David Rose in their official capacities.

**II.   DISCUSSION**

A.    Standard of Review Under 28 U.S.C. § 1292 (b)

As a general matter, courts prefer to avoid piecemeal litigation, and grant leave for interlocutory appeal only in special circumstances.  *Consub Celaware, LLC v. Schahin Engenharia Limitada*, 476 F.Supp.2d 305, 309 (S.D.N.Y. 2007) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).  Thus, interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' ... and is not intended as a vehicle to provide early review of difficult rulings in hard cases.*"  Consub Celaware*, 476 F. Supp.2d at 309 (quoting *German v. Fed. Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1398 (S.D.N.Y. 1995)).  Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292 (b). Under Section 1292

(b), the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292 (b). The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. *Consub Celaware*, 476 F. Supp.2d at 309.

Under the first prong of the Section 1292 (b) analysis, the district court must determine whether the "question of law" is a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.*, No. M47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (citations omitted). Additionally, the question must be "controlling" in the sense that determination of the issue on appeal would materially affect the litigation's outcome. *Consub Celaware*, 476 F. Supp.2d at 309 (citing *In re XO Commc'ns, Inc.*, No. 03–CV–1898, 2004 WL 360437, at *3 (S.D.N.Y. Feb. 26, 2004)). The second prong requires a genuine doubt as to the correct legal standard to be applied giving rise to a "substantial ground for a difference of opinion." *In re Worldcom*, 2003 WL 21498904, at *10 (citation omitted). Such a substantial ground may exist when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Lloyd's Am. Trust Funds Litig.*, No. 96–CV–1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997). However, "[a] mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04–CV–10014, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005) (citations omitted). Finally, the moving party must satisfy the third prong by demonstrating that the " 'appeal promises to advance the time for trial or shorten the time required for trial.' "

*Transp. Workers Union of Am., Local 100, AFL CIO v. New York City Transit Auth.*, 358 F.

Supp.2d 347, 350 (S.D.N.Y. 2005) (quoting *In re Oxford Health Plans, Inc*., 182 F.R.D. 51, 53

(S.D.N.Y. 1998)).  This last factor is particularly important.  *See Consub Celaware*, 476 F.Supp.2d

at 310 (citing Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of

§ 1292 (b) is reserved for those cases where an intermediate appeal may avoid protracted

litigation."); *Lerner v. Millenco, L.P.*, 23 F. Supp.2d 345, 347 (S.D.N.Y. 1998) ("The Court of

Appeals has emphasized the importance of the third consideration in determining the propriety of

an interlocutory appeal.")).

Here, plaintiffs have failed to persuade the Court that this case is the "rare exception to the

final judgment rule."  The issues plaintiffs raises are certainly not ones of first impression for the

Second Circuit, as plaintiffs seemingly concede, and lack indicia of conflicting authority. Further,

the issue of whether this Court granted dismissal properly to the municipal defendant in this case is

plainly not a "pure question of law" that could be decided without a careful review of the record.

Indeed, plaintiff's request for interlocutory appeal is belied by the terms of their own motion.

They complain that this Court dismissed their *Monell* claim against Columbia County on the basis

that they failed to plead a sufficient unlawful policy.  And yet in their motion they assert that

discovery would be required to flush out the facts necessary to discern the specific details

concerning the lack of training that led to the violation of plaintiff' constitutional rights.

Consequently, the issue plaintiffs seek to raise before the Court of Appeals is not a "pure question

of law" that will "avoid protracted litigation."  Indeed, by the terms of plaintiffs' motion, it is the

very opposite.

Based thereupon, plaintiffs' motion for certification of their interlocutory appeal pursuant

-4-

to 28 U.S.C. §1292 (b) must be denied.

B.    Motion to Dismiss Cross-Claim Against Defendant Meleck

This Court has already determined that each of plaintiffs' direct claims against defendant Meleck should be dismissed with the exception of plaintiffs' defamation claim.  Defendant Meleck moves to dismiss the cross-claim filed by the County defendants against him for full or partial indemnification or contribution for his alleged negligence in causing the alleged injuries to the plaintiffs in this case.  In response to this motion, the County defendants have filed a proposed amendment to their cross-claim which alters their theory of liability against defendant Meleck - insofar as full or partial indemnification or contribution - from negligence to intentional or malicious conduct.

C.    Leave to Amend Answer Pursuant to Fed. R. Civ. P. 15 (a) (2)

Pursuant to Fed. R. Civ. P. 15 (a), leave to amend should be freely given "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be granted.  *See id.*  There is no evidence of delay, bad faith or dilatory motive on the part of that the County defendants in moving to amend.  Although defendant Meleck asserts that the proposed amendment lacks merit, the Court cannot determine a jury could find no set of facts in the County defendants' favor at the present time on the basis of the proposed amended pleading.  Because a motion to dismiss is not considered a "responsive pleading" for Rule 15 purposes, an amended complaint filed "as a matter of course" pursuant to Rule 15(a)

renders moot a motion to dismiss directed at the original complaint. *See Chodos v. F.B.I.*, 559 F.Supp. 69, 70 n. 2 (S.D.N.Y. 1982), *aff'd*, 697 F.2d 289 (2d Cir. 1982).

III.     CONCLUSION

Based on the foregoing, it is hereby

ORDERED that plaintiffs' motion for an Order pursuant to 28 U.S.C. § 1292(b) certifying an interlocutory appeal (Dkt. #106) is DENIED; and it is further

ORDERED that the cross-motion of defendants Proper, Hyson and Rose to file an Amended Answer is GRANTED; and it is further

ORDERED that defendant Meleck's motion to dismiss the cross-claim of defendants Proper, Hyson and Rose (Dkt. # 93) is DENIED as moot.

IT IS SO ORDERED.

Dated: March 24, 2014

Norman A. Mordue
Senior U.S. District Judge